# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Siegrid Smith, Plaintiff  ) | |
| ) | |
| ) | |
| ) | |
| v.                                    ) | |
| ) | |
| )  **Case No.**        **22-cv-00509** | |
| ) | |
| Denis McDonough, Secretary   ) | |
| U.S. Department                 ) | |
| of Veterans Affairs, Bruce Nolan  )     <u>Jury Trial Demanded</u> | |
| and Shounita Brooks in their    ) | |
| Individual Capacities           ) | |
| Defendants               ) | |

## <u>COMPLAINT OF PLAINTIFF SIEGRID SMITH</u>

**COMES NOW** Plaintiff Siegrid Smith, by and through counsel, and for her cause of action against the Defendant states as follows:

## <u>JURISDICTION AND VENUE</u>

1. Plaintiff Siegrid Smith ("Plaintiff Smith" or "Smith") is a resident of the state of Missouri, residing in St. Louis, Missouri.

2. Defendant U.S. Department of Veterans Affairs ("Defendant VA" or "VA") operates a health care facility located at 1 Jefferson Barracks Drive, St. Louis, Mo., at which the events giving rise to this cause of action took place.

3.  Defendant Bruce Nolan is Plaintiff Smith's senior supervisor at the Jefferson Barracks facility, and was during all events alleged subsequently herein.

4.  Defendant Shounita Brooks is director of human resources for the Jefferson Barracks facility, and has served in such capacity since at least January 1, 2022.

5.  At all times, the Defendant VA is a public accommodation covered by Title III of the Americans with Disabilities Act ("ADA").

6.  At all relevant times, the Defendant VA has been a covered entity under Section 101(2) of the ADA, Section 12111(2).

7.  At all relevant times, the Defendant VA has been an employer covered under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 107(7) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII 42 U.S.C. Sections 2000e(g) and (h).

8.  The court has subject matter jurisdiction pursuant to 42 U.S.C. § 12182 and 28 C.F.R. 36.304.

9.  The court has jurisdiction over Plaintiff's pendant state claims pursuant to 28 U.S.C. § 1367.

## **FACTS COMMON TO ALL CLAIMS**

10.  On or around April 1, 2018, Plaintiff Smith was hired by the VA as a floor nurse at the VA's Jefferson Barracks facility in St. Louis. Missouri.

2

11.  Plaintiff Smith has asthma, diabetes, and autoimmune deficiency and is particularly vulnerable to fragrances.

12.  When she is exposed to fragrances, Plaintiff Smith experiences chest heaviness, tightness in her chest and lungs, wheezing, cognitive dysfunction, full asthma attacks and/or severe asthma attacks with hypoxia and anaphylaxis.

13.  These symptoms substantially limit Plaintiff Smith's life activities, including precluding her from going into public spaces that may not be fragrance free.

14.  Plaintiff Smith disclosed her medical condition during the process of her employment with the VA.

15.  Plaintiff Smith accepted the nursing position because she reasonably believed, and relied on such belief, that the VA would comply with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act As Amended ("ADAA"), by ensuring its Jefferson Barracks hospital facility was fragrance free.

16.  Plaintiff Smith quickly learned that the Jefferson Barracks facility was not fragrance free and encountered disability-related difficulties immediately upon starting work as a floor nurse.

17. Patients, their families, visitors, and hospital personnel were unlawfully permitted to wear fragrances around her, which required Plaintiff Smith to take frequent breaks to recover and resume normal breathing.

18. Plaintiff Smith repeatedly asked hospital personnel, patients, and their families to refrain from wearing fragrances, but those requests were ignored or derided.

19. After eight months of trying to work in such an environment with her disability, Plaintiff Smith transferred off the floor to a desk position as a prosthetic purchasing agent in January 2020 to help her avoid encountering patient, family, visitor, and hospital personnel fragrances.

20. The transfer did not accomplish its objective because Plaintiff Smith's workspace was put in the Prosthetics Department, which was heavily scented with the personal fragrances of hospital workers and scented air fresheners in the bathrooms, in violation of agency policy.

21. Plaintiff Smith ultimately had to be sent to the emergency room from work seven times during her working hours due to fragrance-related harms, resulting in seven workers' compensation claims.

22. The VA did not file the forms required for the successful processing of those claims, resulting in their administrative closure.

23. On February 27, 2020, Plaintiff Smith filed a request to work from home as a reasonable accommodation for her disability.

4

24.  The VA did not engage in an interactive process with Plaintiff Smith to accommodate her disability. Instead, it unilaterally implemented minor workspace adjustments, all of which were ineffective because of the pervasive presence of fragrances in the building.

25.  Plaintiff Smith filed a second formal request for a reasonable accommodation on October 27, 2020 – during the Covid lockdown – again requesting to work from home, as most federal workers were required to do at the time.

26.  On February 4, 2021, Plaintiff Smith reported for work as required by agency policy for reasonable accommodations claims.

27.  Plaintiff Smith's supervisor, Bruce Nolan ("Nolan"), told Smith not to return to work until she was instructed to do so. Nolan had her escorted off the property and told her she was not permitted to return to the grounds without permission. He also told her she no longer would have access to her government email.

28.  On February 10, 2021, Ms. Shounita Brooks ("Brooks"), head of human resources for the Jefferson Barracks facility, sent Plaintiff Smith an email informing her that "the reasonable accommodations process has ended" and that her "request is closed."

29.  Plaintiff Smith retained counsel and during June-August 2021, held meetings with Ms. Brooks and VA Reasonable Accommodation Coordinator Christina Dean.

30.  Plaintiff Smith and Ms. Dean quickly agreed that working at home would be a reasonable accommodation of Smith's disability.

31.  On June 14, 2021, during the negotiations with Ms. Dean, Ms. Brooks sent Plaintiff  Smith an email telling her "Your request for an accommodation has been approved."  Two days later, Ms. Brooks sent Smith a revised job description that was signed by her senior supervisor, Bruce Nolan.

32.  On August 26, 2021, Ms. Dean and Plaintiff Smith entered into a final agreement under the following terms:

a.  Ms. Smith's grade and pay would be adjusted retroactive to January 3, 2021, to reflect a raise from Grade 5.8 to Grade 6, which Ms. Dean determined had been erroneously withheld;

b.  Ms. Smith would work in her present position as a fulltime remote employee, and only be required to come into the facility to renew her fingerprints and PIV badge, and for technology issues that could not be resolved at her home;

c.  Ms. Smith's duties would be adjusted so that others in her department would perform her shipping, receiving, and

inventorying functions while she would assume some of their duties to assure a proper distribution of work; and

d. The VA PIV office would make reasonable efforts to make its facility fragrance-free, including removing the scented air fresheners in the area so that Ms. Smith could come into the facility by appointment when it opened at 7:30 a.m. to get her badge and fingerprints.

33. Ms. Dean communicated the completed reasonable accommodation agreement to Ms. Brooks that day and asked her to get manager signatures.

34. Mr. Nolan later signed a position description that Ms. Smith believes to be based on this agreement.

35. On or around September 4, 2021, Ms. Dean was replaced as VA RAC by Abner Martinez.

36. On September 20, 2021, Plaintiff Smith, acting through counsel, contacted Mr. Martinez asking him to confirm his commitment to the reasonable accommodation she had negotiated with Ms. Dean.

37. Mr. Martinez refused to confirm that the agency would honor the agreement with Ms. Dean.

38. The matter was scheduled for informal mediation on September 27, 2021.

7

39.  The parties again agreed upon a work-at-home accommodation, and mediator Carmen Hatch tasked Mr. Martinez with drafting language regarding the PIV badge since he had rejected the language agreed to by Ms. Smith and Ms. Dean.

40.  Mr. Martinez did not provide that language prior to or during the second mediation, despite requests from both Ms. Smith and Mediator Hatch.

41.  There was no negotiation process during the second mediation on October 15, 2021. Instead, Mr. Martinez informed Ms. Smith she no longer had a position with the VA, but technically remained an employee of the VA because she had not been terminated.

42.  The mediator declared an impasse.

43.  On December 15, 2021, Plaintiff Smith filed an informal appeal.

44.  On February 2, 2022, the VA issued a Final Agency Decision dismissing Plaintiff Smith's appeal as untimely because she did not meet the 15-day deadline for filing the appeal.

45.  The notice of dismissal granted a 90-day right-to-sue in federal district court.

### Count I

### Defendant VA's Jefferson Barracks Hospital Facility's Failed to Comply with the Americans with Disabilities Act, Causing Plaintiff Smith Damages

46.  Plaintiff Smith incorporates paragraphs 1-45 into this count as if they had been fully stated herein.

47.  Under Title III of the ADA, a private cause of action is available to any person subjected to any person subjected to discrimination on the basis of disability. 42 U.S.C. § 12188(a).

48.  Under the ADA, an individual is considered disabled if she: "(A) [has] a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) [has] a record of such an impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(1).

49.  The ADA specifically identifies breathing as a major life activity. 42 U.S.C. § 12102(2)(A).

50.  The term "substantially limits" is to "be construed broadly in favor of expansive coverage," and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i).

51.  Plaintiff Smith's severe asthma, diabetes, and autoimmune deficiency "substantially limits one or more major life activities" for Ms. Smith in that it limits her ability to breath while around fragrances.

52.  Ms. Smith's primary care physician, Dr. Carrie Carda, and pulmonologist, Dr. Meena Murugappan, have provided statements to the VA stating their diagnosis and her need for an accommodation given that

the Jefferson Barracks VA building is not fragrance-free and therefore not in compliance with the ADA.

53. Courts in the 8th U.S. Circuit Court of Appeals, including the Eastern District of Missouri, have recognized fragrance sensitivity as a disability covered by the ADA As Amended. *See, e.g., Rotkowski v. Arkansas Rehabilitation Services,* 180 F.Supp. 618, 623-624 (W.D. Ark. 2016), relied on in *Mills v. St. Louis County Government*, 2017 WL 3128916 (E.D. Mo); see also *Brady v. United Refrigeration, Inc.,* 2015 WL 3500125 (E.D.Pa. June 3, 2015); *Bouard v. Ramtron Int'l Corp.,* 2013 WL 5445846 (D.Colo. Sept. 27, 2013); *Zandi v. JVB Fort Wayne Comm. Schls.*, 2012 WL 4472006 (N.D.Ind. Sept. 27, 2012)

54. As a qualified individual, Plaintiff Smith was entitled to the protections of Title III of the ADA at all times she was in the facility, regardless of whether she was on the clock for employment purposes.

55. Defendant VA knowingly breached its legal duty under the ADAA to provide a fragrance-free environment to Plaintiff Smith as a qualified individual.

56. As a result of Defendant VA's blatant disregard for its legal duties under the ADA and ADAA, Plaintiff Smith had to be sent to the emergency room seven times, incurring medical bills that the VA effectively refused to pay by failing to comply with its administrative responsibilities for the

processing of those claims, thus shouldering her with the cost of those medical expenses.

57.   Plaintiff Smith suffered additional damages relating to the loss of her position as a result of Defendant VA's refusal to comply with the ADAA.

58. Exhaustion of administrative remedies is not required for Title III claims under the ADA. 42 U.S.C. §§ 2000a-3(a); *Parr v. L&L Drive-In Restaurant,* 96 F.Supp. 2d 1065 (D Hawaii)(2000).

## Count II

## Defendant VA Discriminated Against Plaintiff Smith by Failing to Provide a Reasonable Accommodation for Her Disability

59.  Plaintiff Smith incorporates paragraphs 1-58 into this count as if they had been fully stated herein.

60.  An employer commits unlawful discrimination under the ADA if the employer does "not mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. § 12112(b)(5)(A). *Fjellestad v. Pizza Hut of America*, 188 F.3d 944, 951 (8th Circuit, 1999).

11

61. As a qualified individual with a disability under the ADA, Plaintiff
Smith was entitled to a reasonable accommodation that would allow her
to continue to work given her disability.

62. As her employer, Defendant VA was required to make a reasonable
effort to accommodate her disability. Id.

63. This requirement is best implemented through the "interactive process"
an employer is required to conduct when a qualified individual has
requested a reasonable accommodation.

64. The 8th Circuit employs a multi-factor test to determine whether an
employer has complied with the interactive process requirement:

> 1) the employer knew about the employee's disability; 2)
> the employee requested accommodations or
> assistance for his or her disability; 3) the employer
> did not make a good faith effort to assist the
> employee in seeking accommodations; 4) and the
> employee could have been reasonably accommodated
> but for the employer's lack of good faith. *Fjellestad,*
> supra, at 952, citing *Taylor v. Phoenixville School
> District,* 174 F.3d 142, 165 (3rd Cir. 1996)

65. The VA was aware of Plaintiff Smith's disability at the time she
was hired, was made aware of that again repeatedly during her
employment, including three requests for reasonable
accommodations for her disability, and did not challenge her
disability during the EEO complaint process.

66. Plaintiff Smith requested a reasonable accommodation three times, on
February 27, October 27, and December 15, 2020, in applications that

included physician diagnoses and recommendations and which were complete in all respects.

67.  Defendant VA did not consult with Plaintiff Smith in response to the first reasonable accommodations request. Instead, it simply tried a number of measures that did not work, and that it would have known would not work had the agency properly engaged in the interactive process required by law.

68.  Defendant VA consulted with Plaintiff Smith in response to the second reasonable accommodations request, resulting in a written reasonable accommodations agreement with VA Reasonable Accommodations Coordinator Christina Dean that would have permitted Smith to perform her work duties remotely from home.

69.  Plaintiff Smith would have been able to perform the essential functions of her position, without undue hardship to the agency. These essential functions include: ordering prosthetics online, shipping and receiving, fitting, inventory, and using the telephone and email to resolve issues as needed.

70.  The overwhelming majority of this work is done online or by phone and can easily be done at home. Plaintiff Smith's modest shipping, receiving, and inventory duties could have been delegated to another member of the purchasing agent team, with Ms. Smith taking on some of their duties to

maintain the proper distribution of work within the department. Such a structure was included in the accommodation she negotiated with Ms. Dean and that was breached by Mr. Martinez.

71.  Ms. Smith could also have facilitated patient prosthetic fitting at home since the attending VA clinician inputs the patient's prosthetic requirements directly into the purchasing system, and then either makes changes directly into the system or emails them to the purchasing agent. The actual fitting function could have been performed by the prosthetics vendors, as it has since the onset of Covid in March 2020.

72.  The last function of her position, account reconciliation for purchases, could have been done online from home.

73.  Defendant VA's failure to provide a reasonable accommodation violated the ADAA.

74.  Defendant VA's violation of the ADAA caused Plaintiff Smith economic damages in the form of lost wages and future employment. While she has not been formally terminated by the VA, she has not been paid since August 6, 2021.

## Count III

## Defendant VA Breached its Contract for Reasonable Accommodations with Plaintiff Smith By Refusing to Allow her to Work from Home Under the Terms of Her Agreement with the Agency

75. Plaintiff Smith incorporates paragraphs 1-74 into this count as if they had been fully stated herein.

76. Under Missouri law, "[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010); § 516.120 RSMo.

77. The agreement between Plaintiff Smith and Ms. Dean was a binding contract under Missouri law. The agreement existed as of August 29, 2021, and the express terms of the agreement described in Paragraph 32 represented a clear and specific meeting of the minds of the two parties. Defendant VA, acting through its reasonable accommodations coordinator, offered those terms to Plaintiff Smith, and Plaintiff Smith accepted those terms, and in consideration thereof, tendered performance by informing the VA that she was ready to return to work under those terms.

78. Defendant VA breached that contract when it refused to permit Plaintiff Smith to continue to work in her position as a prosthetics purchaser under its terms.

15

79. Plaintiff Smith suffered severe economic damages as a result of Defendant's breach of its reasonable accommodations contract, including lost wages and future employment.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff Smith prays that this Court enter judgment in her favor pursuant to 42 U.S.C. § 12188(a) and 42 U.S.C. § 12112(b)(5)(A), and Section 516.120, RSMo., and enter an order:

a. Declaring all acts alleged of Defendant VA herein in violation of the Americans with Disabilities Act and ADA As Amended;

b. Enjoining and permanently restraining Defendant VA from continued violations of the ADA and ADAA;

c. Directing Defendant VA to take such affirmative steps as may be necessary to ensure that this unlawful practices are eliminated and do not continue to affect Plaintiff Smith's employment at the Veterans Administration;

d. Directing Defendant VA to set Plaintiff Smith's pay grade at Level 7, to which she was entitled as of approximately January 3, 2022.

e. Directing Defendant VA to reinstate Plaintiff Smith into her previous position or a position of comparable grade and skill;

f. Directing Defendant VA to reassign Plaintiff Smith to another facility, where she can work remotely and will not be forced to endure the

continued harassment and retaliation she has experienced at the Jefferson Barracks facility and by Jefferson Barracks personnel;

g.  Directing Defendant VA to take all steps necessary and appropriate to the reopening and completion of all workers' compensation claims arising from the events alleged herein;

h.  Requiring Defendant VA to compensate, reimburse, and make whole Plaintiff Smith for the full value of all pecuniary and non-pecuniary damages she has sustained in the past, and is reasonably certain to sustain in the future, including but not limited to any and all back pay and benefits, interest on back pay, embarrassment, humiliation, loss of dignity, loss of enjoyment of life, loss of reputation, and all other consequential damages;

i.  Awarding Plaintiff Smith punitive damages in the amount of $1 million so as to punish Defendant VA and deter Defendant VA and others from like conduct in the future;

j.  Awarding Plaintiff Smith the costs of this action, prejudgment interest, and reasonable attorney fees at an hourly rate of $450 per hour and litigation costs;

k.  Providing such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**REUBENLAW LLC**

/s/ Richard Reuben        May 3, 2022

Richard Reuben, 63665 (MO)
ReubenLaw LLC
P.O. Box 39023
St. Louis, MO  63109
Phone: (314) 728-4444
Fax: (844) 947-4402
Richard@ReubenLawLLC.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of May, 2022, a true and accurate copy of the foregoing Complaint of Siegrid Smith was filed electronically with the Court, therefore to be served electronically by operation of the Court's electronic filing system to all parties of record.

/s/ Richard C. Reuben        May 3, 2022
Richard C. Reuben, MB 63665
ReubenLaw LLC
P.O. Box 39023
St. Louis, MO  63109
Phone: (314) 728-4444
Fax: (844) 947-4402
Richard@ReubenLawLLC.com

18