UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIEGRID SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-CV-00509-JAR |
| vs. | ) |
| | ) |
| DENIS MCDONOUGH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to dismiss filed by Defendant Denis McDonough, Secretary of the United States Department of Veterans Affairs. (Doc. 14). For the reasons discussed below, the motion will be granted, and the complaint will be dismissed as to all Defendants.

**I.    BACKGROUND**

In April 2018, Plaintiff Siegrid Smith was hired as a floor nurse at the VA's health care facility at Jefferson Barracks in St. Louis.[1] Defendant Bruce Nolan was her senior supervisor. Smith suffers from asthma, diabetes, and autoimmune deficiency and is particularly sensitive to fragrances, which cause her to experience chest tightness, wheezing, cognitive dysfunction, and asthma attacks. Because of her disability, in January 2020, Smith transferred from her position as a floor nurse to a new position as a prosthetic purchasing agent. However, this new position did not resolve her issues, and she was sent from work to the emergency room several times. In February 2020, Smith filed a request to work from home as an accommodation for her disability.

---

[1] Unless otherwise noted, all facts in this section are alleged in Plaintiff's Amended Complaint and accepted as true for purposes of this motion to dismiss.

1

The VA made minor adjustments in Smith's workspace that proved ineffectual.  Smith filed a second request in October 2020, when many federal employees were working from home due to the COVID-19 pandemic.  In February 2021, Smith reported for work in person as she believed agency policy required and was escorted off the property.  Days later, Defendant Shounita Brooks, head of human resources for the facility, informed Smith that the reasonable accommodation process was over, and her request was "closed."

Smith then retained counsel.  Between June and August of 2021, Smith and her lawyer met with Brooks and Christina Dean, the Reasonable Accommodation Coordinator (RAC).  During these meetings, Smith and Dean agreed that working from home was a reasonable accommodation for Smith's disability.  Nolan approved revisions to Smith's job description, and Smith and Dean entered into a final agreement on August 26, 2021.  However, shortly thereafter, on September 4, 2021, Abner Martinez replaced Dean as the new RAC and would not honor the arrangement.  Smith attempted to mediate the issue with Martinez, to no avail.

On October 18, 2021, Smith was informed via email that informal counseling was concluded and she had 15 calendar days from receipt of the notice to file a formal administrative complaint. (Doc. 15-1).  On October 29, 2021, the VA sent Smith's lawyer a copy of the notice and reiterated the 15-day deadline, and counsel acknowledged receipt. (Doc. 15-2).  Smith filed her formal complaint of discrimination with the VA on December 15, 2021, i.e., 58 days after Smith first received notice and 47 days after her lawyer received it.  (Doc. 1 at p. 8, Doc. 15-2 at p. 1).  On February 2, 2022, the VA dismissed Smith's complaint as untimely. (Doc. 15-2).

On May 9, 2022, Smith filed a complaint in this Court against McDonough, as head of the VA, and Nolan and Brooks in their individual capacities, asserting that they violated the ADA by failing to accommodate her disability (Counts I and II), and that the VA breached the

contract signed by Dean for reasonable accommodations (Count III).  Defendant McDonough moves to dismiss Counts I and II for failure to state a claim, specifically for failure to exhaust administrative remedies, and Count III for lack of subject matter jurisdiction. Smith has not responded to the motion, and the time to do so has passed.

## II.     LEGAL STANDARDS

### Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. When considering a Rule 12(b)(6) motion to dismiss, the court must "accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### Rule 12(b)(1)

"Subject matter jurisdiction… is a threshold requirement that must be assured in in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). Dismissal under Rule 12(b)(1) is proper when a party successfully challenges subject matter jurisdiction on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When assessing subject matter jurisdiction, the plaintiff bears the burden of proof, and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United*

3

*States*, 918 F.2d 724, 730 (8th Cir. 1990). A federal court must dismiss an action if it is determined at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### The Rehabilitation Act

Cases interpreting the Americans with Disabilities Act and the Rehabilitation Act of 1973 are interchangeable because they use the same basic standards and definitions. *Allison v. Dep't. of Corr.*, 94 F.3d 494, 497 (8th Cir. 1996).  However, "only the Rehabilitation Act applies to federal employees." *Lewis v. Johanns*, 180 Fed. Appx. 599, 601 (8th Cir. 2006).  The Rehabilitation Act allows for federal employees with a disability to bring claims for "both disparate treatment… and failure to provide reasonable accommodations." *Withers v. Johnson*, 763 F.3d 998, 1003 (8th Cir. 2014).

Plaintiffs are required to exhaust administrative remedies before they can file a claim of discrimination against the federal government. *Morgan v. U.S. Postal Service*, 798 F.2d 1162, 1165 (8th Cir. 1986).  For a federal employee, exhaustion requires that they initiate contact with an Equal Employment Opportunity counselor "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003).  If the matter is not resolved during the counseling period, the employee can file a formal administrative complaint of discrimination. *Burkett*, 327 F.3d at 660. This complaint "must be filed within 15 days" after receiving notice of the closing of informal counseling. 29 C.F.R. § 1614.106(b). If the employee fails to file timely, the complaint will be dismissed in entirety by the agency. 29 C.F.R. § 1614.107(a)(2).

A federal employee may file a civil action on a discrimination claim against her employer within 90 days of the final decision of the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a.

### III. ANALYSIS

**Nolan and Brooks**

As an initial matter, Smith's claims against individual Defendants Nolan and Brooks are not cognizable.[2] The defendant in civil action for discrimination against a federal employer is the head of the department, in this case Defendant McDonough. 42 U.S.C. § 2000e-16(c).

The circumstances in which individual federal employees can be sued for damages in civil actions are extremely limited, and this is not one of them. To recover damages against an individual federal employee, a plaintiff must meet three requirements: (1) the suit must name the federal officials in their individual capacities, (2) the injury asserted must qualify as a fundamental constitutional right that was clearly established at the time of the alleged violation in order to overcome qualified immunity, and (3) there must be "no special factors counseling hesitation in the absence of affirmative action by Congress." *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-96 (1999). But a *Bivens* suit is not available when Congress has provided an adequate administrative remedial mechanism, even if the remedy does not provide complete relief. *Nebraska Beef, Ltd. v. Greening*, 398 F.3d 1080, 1084 (8th Cir. 2005). The ADA and Rehabilitation Act create such a mechanism. As such, Smith's claims against Nolan and Brooks are not viable and must be dismissed. *See e.g., Jackson v. Fed. Bureau of Prisons*, CIV. 06-1347 MJD/RLE, 2007 WL 843839, at *7 (D. Minn. Mar. 16, 2007) (dismissing a *Bivens* claim based on an ADA violation).

**Failure to Accommodate (Counts I and II)**

For Counts I and II, Smith asserts that Defendants violated the ADA by failing to accommodate her disability. As a federal employee, Smith was required to exhaust all

---

[2]  Moreover, the record lacks any proof of service on Brooks.

administrative remedies before filing a discrimination claim against her employer. *Morgan*, 798 F.2d at 1165. Thus, she was required to initiate contact with an EEO counselor within 45 days of the alleged discrimination followed by a formal complaint within 15 days after receiving notification of the closing of informal counseling. *Burkett*, 327 F.3d at 660; 29 C.F.R. § 1614.106(b).

Smith timely initiated contact with an EEO counselor on July 19, 2021. The counselor informed Smith on October 15 and 18, 2021, that informal counseling was being closed and she had 15 days to file a formal complaint. (Doc. 15-1). The same notice was sent to Smith's lawyer on October 29, 2021. (Doc. 15-2). The VA used the latter date when calculating the amount of time Smith had to file her formal administrative complaint. However, Smith did not file her formal complaint until December 15, 2021, i.e., 47 days after her lawyer received the Notice of Right to File. Consequently, the VA dismissed Smith's complaint as untimely pursuant to 29 C.F.R. § 1614.107(a)(2). (Doc. 15-2).

In her complaint, Smith relies on a Hawaii district court case to support her contention that exhaustion is not required. *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1076 (D. Haw. 2000). But that public accommodation case was brought by a patron of a non-ADA-compliant restaurant and is inapposite in this employment context. Well-established Eighth Circuit precedent instructs that exhaustion is indeed required. *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 (8th Cir. 2003). Exhaustion prevents premature interference with agency processes so that the agency may function efficiently and correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile an adequate record for judicial review. *J.B. ex rel. Bailey v. Avilla R-XIII Sch. Dist.*, 721 F.3d 588, 594 (8th Cir. 2013). These steps did not occur here. As a consequence of Smith's failure to timely file a

formal administrative complaint, she has failed to exhaust administrative remedies.[3]  As such, Counts I and II must be dismissed.

### Breach of Contract (Count III)

For Count III, Smith asserts that the VA breached their agreement allowing her to work from home.  The United States is immune from suit unless it expressly and unequivocally waives its immunity via statute and consents to be sued. *Miller v. Tony & Susan Alamo Fund*, 134 F.3d 910, 915 (8th Cir. 1998). Without the waiver of sovereign immunity, the Court lacks subject matter jurisdiction. *Id.* at 915-16.  Although Congress has granted a limited waiver of immunity for breach of contract claims, these claims must be heard exclusively by the Court of Federal Claims.  28 U.S.C. § 1491(a)(1).  While other district courts have concurrent jurisdiction over claims not exceeding $10,000, 28 U.S.C. § 1346(a)(2), Smith's claimed damages clearly exceed this amount insofar as she seeks back pay, benefits, and attorney fees.  Thus, the Court must dismiss Count III for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant McDonough's motion to dismiss is **GRANTED**.  (Doc. 14).  A separate order of dismissal will accompany this Memorandum and Order.

Dated this 13th day of March 2023.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[3] Further, an attorney's failure is not considered a basis for equitable tolling of administrative deadlines.  *See generally* 24 A.L.R. Fed. 2d 263 (discussing cases in which "garden variety excusable neglect" by an attorney was insufficient to toll the deadline for Title VII claims); *Brinkman v. Nasseff Mech. Contractors Inc.*, 251 F. Supp. 3d 1266, 1275 (D. Minn. 2017) (same).