UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIEGRID SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:22-cv-0509-JAR |
| DENIS MCDONOUGH, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiff Siegrid Smith's Motion to Vacate Judgment (ECF No. 22) and Defendant Denis McDonough's "Motion In Opposition to Plaintiff's Motion to Vacate Judgment." (ECF No. 23). For the following reasons, the Court will deny both motions.

### BACKGROUND

In May 2022, Plaintiff sued Defendant for violations of the Americans with Disabilities Act ("ADA") and for breach of contract. Defendant moved to dismiss Plaintiff's ADA claims because she failed to exhaust her administrative remedies, and it moved to dismiss her breach of contract claim for lack of subject matter jurisdiction. Plaintiff did not respond, and on March 13, 2023, the Court granted Defendant's motion. (ECF No. 20).

On September 15, 2023, Plaintiff filed a motion to vacate judgment under Federal Rule of Civil Procedure 60(b)(6). She claims that she did not oppose Defendant's motion to dismiss because Defendant terminated her employment after she filed her May 2022 complaint, causing her to file a second EEOC complaint. On August 17, 2023, the agency issued a final agency decision against Plaintiff that included a right to sue for 30 days. She argues that efficiency now

requires the Court to vacate its prior judgment and to allow her to amend her complaint because Defendant's counsel and the Court are already familiar with the "complex" facts of the case. (ECF No. 22).

Defendant filed a "Motion in Opposition" explaining the inadequacy of Plaintiff's motion. It notes that Rule 60(b)(6) motions merit relief only under certain exceptional circumstances and that "efficiency" is not such a circumstance. On September 21, the Court ordered Plaintiff to file any response to Defendant's motion no later than September 28, 2023. Plaintiff has not done so.

## DISCUSSION

Under Federal Rule of Civil Procedure 60(b)(6), the Court may relieve a party from an order when the party demonstrates "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate [its] claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984).

As Defendant notes, Plaintiff has not identified circumstances justifying relief under Rule 60(b)(6). She advances no argument that exceptional circumstances denied her a full and fair opportunity to litigate her claims and from receiving adequate address. On the contrary, Plaintiff had ample opportunity to litigate her claims and chose not to do so.

Accordingly,

- 3 -

**IT IS HEREBY ORDERED** that Defendant's Motion in Opposition to Plaintiff's Motion [ECF No. 23] is **GRANTED**, and Plaintiff's Motion to Vacate Judgment and For Leave to Amend the Pleadings [ECF No. 22] is **DENIED**.

Dated this 8th day of November 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE